UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDREW R. LOFTON,

                              Plaintiff,

                -vs-                      **No. 6:17-cv-06459-MAT**
                                                          **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

---

**I.   Introduction**

Represented by counsel, Andrew R. Lofton ("Plaintiff") commenced this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").

**II.  Procedural History**

Plaintiff applied for DIB and SSI on July 21, 2013. His claim was denied on initial review and again by an administrative law judge ("ALJ") on February 17, 2016. The Appeals Council declined review of the ALJ's decision on May 15, 2017. Plaintiff timely filed this action on July 13, 2017. On May 11, 2018, this Court entered a decision and order reversing the Commissioner's decision and remanding the matter solely for the calculation of benefits. The Social Security Administration ("SSA") issued a Notice of Award

indicating that Plaintiff was entitled to $61,952.00, 25 percent of which ($15,488.00) was withheld in anticipation of payment of an attorney's fee.

Plaintiff filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d),[1] which this Court approved in the amount of $5,454.00. On October 25, 2018, Plaintiff's retained attorney ("Counsel") filed the instant motion seeking judicial approval of attorney's fees in the amount of $15,488.00 for services performed on Plaintiff's behalf before this Court. Counsel indicated in his motion that he had not received the EAJA fee award. Counsel thus seeks judicial approval of an attorney's fee award in the amount of $15,488.00, with the proviso that if Counsel ultimately is paid the $5,454.00 in EAJA fees, Counsel will remit to Plaintiff payment in the amount of $5,454.00 upon Counsel's receipt of the attorney's fee award of $15,488. The Commissioner filed a response indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests that the Court conduct an independent reasonableness review, as required by law. For the reasons discussed below, Plaintiff's Section 406(b) Motion is granted.

**III. Applicable Legal Principles**

---

[1] By stipulation and order dated August 24, 2018, this Court awarded Plaintiff's attorney $5,454.00 in fees under the EAJA. The lesser of the two fees awarded under Section 406(b) and the EAJA fee will be paid to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186; second alteration in original).

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and *Gisbrecht*, *supra*.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits

-3-

awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

**IV. Discussion**

As an initial matter, the Court notes that Counsel's request of $15,488.00 represents 25 percent of the past due benefits awarded to Plaintiff. It therefore does not exceed the statutory cap. It furthermore is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a reversal and remand for further administrative proceedings. Following remand, an ALJ issued a fully favorable decision. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this

factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Based on the itemized statement submitted, Counsel spent a total of 31.9 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($15,488.00) by the total hours expended by Counsel (31.9) yields an effective hourly rate of $485.52. As the Commissioner notes in her response, other cases in this Circuit have found that effective hourly rates significantly greater than that requested by Plaintiff's counsel are not unreasonable. *See*, *e.g.*, *McCarthy v. Colvin*, No. 13-CV-6467, 2016 WL 3280370 at *2 (W.D.N.Y. June 15, 2016) (finding *de facto* hourly rate of $758.69 reasonable).

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. *See* 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owed, but also ongoing benefits until he dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits

attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). The Court agrees that the value of this case to Plaintiff is considerably greater than past-due benefits received.

Counsel, on the other hand, assumed a substantial risk of loss in taking Plaintiff's case, given that his benefits claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, *Gisbrecht*, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, *id.* at 805.

All of these factors counsel a finding that the fee requested is reasonable, and the Commissioner does not disagree.

## V. Conclusion

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion in its entirety and awards attorney's fees in the amount of $15,488.00. The Court directs the Commissioner to release the funds withheld from Plaintiff's benefits award. The Court further directs the Commissioner to report in writing within 20 days upon the status of the EAJA fees due to Counsel. Once Counsel receives the $5,454.00 in EAJA fees, Counsel is directed to remit payment in that amount to Plaintiff.

**SO ORDERED.**

                                        **s/ Michael A. Telesca**

                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

DATED:     January 14, 2019
           Rochester, New York